UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

QUY DINH NGUYEN,

                Petitioner,

    v.

BOB FERGUSON,

                Respondent.

CASE NO. 2:24-cv-01163-JLR-GJL

ORDER ON PETITIONER'S MOTION TO APPOINT COUNSEL

This is a federal habeas action filed under 28 U.S.C. § 2254. Currently before the Court is Petitioner's Motion to Appoint Counsel (the "Motion"). Dkt. 13. Respondent has not filed a response in opposition to the Motion and the deadline to do so has elapsed. Respondent filed a Motion to Transfer or Dismiss the Petition on January 2, 2025. Dkt. 15.

**I.  LEGAL STANDARD**

There is no right to have counsel appointed in cases brought under 28 U.S.C. § 2254, unless (1) counsel is required to prevent a due process violation, (2) an evidentiary hearing is required, or (3) such appointment is necessary for the effective utilization of discovery procedures. *McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *Chaney v. Lewis*, 801 F.2d 1191, 1196

1  (9th Cir. 1986); *United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995); *United States v. Angelone*, 894 F.2d 1129, 1130 (9th Cir. 1990); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c). Even where habeas counsel is not required as a matter of right, the Court has discretion to appoint counsel for financially eligible petitioners "when it determines 'that the interests of justice so require.'" *Chaney*, 801 F.2d at 1196 (quoting 18 U.S.C. § 3006A); *see also Dillon v. United States*, 307 F.2d 445, 447 (9th Cir. 1962) (in circumstances where appointment of counsel is not mandated, the decision to appoint counsel falls within the "sound discretion of the court").

In deciding whether to appoint counsel, the Court evaluates "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt*, 718 F.2d at 954; *see, e.g.*, *Stokes v. Roe*, 18 F. App'x 478, 479 (9th Cir. 2001) (reversing district court's denial of habeas counsel under abuse of discretion standard where petitioner raised "nonfrivolous claims" and the "record raise[d] clear questions" about the petitioner's mental state).

## II.   DISCUSSION

In his Motion, Petitioner argues that he is unable to afford an attorney and that an individual who previously helped him "with legal arguments and translation from English to Vietnamese has been moved to some other federal institution[.]" Dkt. 13.

At this time, the Court does not find good cause for granting Petitioner's Motion. Petitioner effectively articulated his grounds for relief raised in a Petition. Dkt. 4. It is still early in Petitioner's habeas proceedings, and Petitioner has not demonstrated he is likely to succeed on the merits of his case or that an evidentiary hearing will be necessary. Moreover, Respondent's Motion to Transfer or Dismiss asserts that the Petition is barred because it is a successive petition

ORDER ON PETITIONER'S MOTION TO
APPOINT COUNSEL - 2

for which this Court has no jurisdiction, grounds which are not factually or legally complex. Dkt. 15 at 4–7.

Accordingly, the Court finds Petitioner has not shown appointment of counsel is appropriate at this time. Petitioner's Motion (Dkt. 13) is denied without prejudice. If Petitioner requires additional time to submit future filings because of delays caused by translation of documents to Vietnamese, he may seek an extension of time to file or respond on that basis.

### III.  CONCLUSION

For the reasons above, Petitioner's Motion to Appoint Counsel (Dkt. 13) is **DENIED without prejudice**.

Dated this 7th day of January, 2025.

Grady J. Leupold
United States Magistrate Judge